## STATE v. OVERSEER OF THE POOR.

1. In a proceeding for a warrant under the bastardy act, it is not necessary the complaint should be in writing.

2. A bastardy warrant may issue in the case of any woman, married or unmarried. Though if married non-access of the husband must be shown.

3. Upon the application for the warrant, the justice has no power to try the merits of the case.

4. The act of the justice in issuing the warrant is ministerial, not judicial.

5. The party charged as the putative father can only litigate the case when it comes up before the court of two justices for an order of filiation; and on the subsequent appeal from such order to the sessions.

This case was brought into this court by *certiorari* to Justice L., to render a bastardy warrant.

Argued before OGDEN and POTTS, Justices, by Mr. *A. Gifford* for plaintiff in *certiorari* and Mr. *Teese*, for defendant.

POTTS, J. Application was made by B., overseer of the poor of the township of B., to Justice L. of that township, for a warrant against A., on a charge of bastardy; and M. D. T. of the same place being produced before the justice, made oath that she was with child, that the child was likely to be born a bastard, and to be chargeable to the township, and that A. was the father; and she further testified that she was a *married woman;* that she married one J. L. T. in 1837; that he lived with her a few days and then left and abandoned her, since which she has had no intimacy or connection with or access to her said husband. And the mother of the said M. D. T. being also produced, testified to the said marriage and abandonment, and to the non-access of the husband since, according to her knowledge and belief.

At the same time the defendant, A., came before the justice and offered to prove by witnesses, that the general reputation of M. was such in the neighborhood where she lived, that she would not be believed under oath; and he also objected to any order for a warrant being made, on the ground that M. was a married woman, and that there was not sufficient evidence of non-access by the husband.

The justice refused to hear his witnesses, or to entertain the objection, and issued the warrant applied for. It is this

proceeding that is brought here for review; and the reasons relied on for a reversal are:

1. That the application or complaint of the overseer was not made to the justice in writing.

2. That it was on the charge of a married woman.

3. That the fact of non-access by the husband was not sufficiently proved.

4. That the justice refused to hear the testimony offered.

This is a proceeding under the 2d sec. of the act for the maintenance of bastard children, (*Rev. St.* 902), which provides among other things that if *any woman* shall declare herself to be with child, and that such child is likely to be born a bastard, and to be chargeable to the township, and shall, on an examination to be taken in writing upon oath, before any one or more justice or justices of the township, charge any person with having gotten her with child, it shall be lawful to and for such justice or justices, *upon application* made to him or them, by the overseers of the poor of such township, or any one of them, to issue a warrant for the apprehension of the person charged, and to commit him, unless he give security to indemnify the township, or enter into recognizance to appear at the next court of quarter sessions, &c., and abide such order as shall be made, &c.

Now, there is no dispute but that the application was made and the woman's examination taken as the act directs; nor is it denied that in said examination she did charge the defendant with having gotten her with child. Therefore, the prerequisites necessary to give the justice jurisdiction, were complied with.

As to the application, the statute does not require it to be in *writing;* and this court has never held that it must be so. Nor can we say that the charge must be by a single woman, for the statute says that if *any woman* shall declare, &c.

Then the only remaining question is, whether upon an application of this kind, the justice has power to try the *merits* of the charge made. Can he try the question whether the husband has had access to the woman—she having shown that he has not had? Can he hear and decide upon

the question whether the woman is worthy of credit under oath? I think not.

This is the mere initiatory step in the cause designed to be *ex parte*, like an application for an order for bail. No notice is given of it to the defendant. Indeed notice to him would often defeat the very purpose of the proceeding, which is simply to secure his person and compel him to indemnify the township against loss, in case a child should be thereafter born, and he be found to be the father. The act of the justice in issuing the warrant is ministerial, not judicial.

The next step in the proceeding is to be taken only after the birth of the child, for unless this happens, the township will not need relief. If no child is born, or if born, other provision is made for it, the defendant is discharged. But if the child is born chargeable to the township, then the proceeding before two justices provided for by the *first* section of the act is instituted. They are to take order for the *relief* of the township. Here is the first stage of the proceedings at which a trial can be had. They "examine the cause and circumstance," and "at their discretion take order for the better relief of the township," and "for the keeping of every such bastard child, by charging the mother or reputed father," &c. And from their judgment an appeal lies to the sessions, who then proceed to try the case *de novo*. It is only on appeal that the sessions have jurisdiction. *Anonymous, Penn. R.* 870 ; *Quick* v. *Amwell, Penn. R.* 1016 ; *State* v. *Rice, Elm. Dig.* 40, *note ; State* v. *Bidleman,* 2 *Har.* 20 ; *Elm. Forms* 48, &c.

There is no error in the proceeding complained of.

OGDEN, J., concurred